IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| INDEPENDENCE FUEL SYSTEMS LLC, § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23 -CV-00341 |
| § | |
| EASTMAN GAS COMPANY LLC § | |
| § | |
| § | |
| **Defendant.** § | |

## NOTICE OF REMOVAL

COMES NOW the defendant, Eastman Gas Company LLC ("Eastman Gas"), and pursuant to 28 U.S.C. §§ 1452 (a) files this Notice of Removal of this Cause No. CC-23-00058-C, *Independence Fuel Systems LLC v. Eastman Gas Company LLC*, in the County Court at Law No. 3, Dallas County, Texas ("Action") to the United States District Court for the Northern District of Texas, Dallas Division on the grounds that this Court has jurisdiction under 11 U.S.C. § 1334. Specifically, all the claims and causes of action in the Action are core issues to the IFS Bankruptcy Case (defined below). Eastman Gas would show the Court the following in support of this removal:

1. On or about January 4, 2023, Independence Fuel Systems LLC ("IFS") commenced the Action. Eastman Gas is the defendant in the Action.

2. On July 12, 2022, IFS filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division, styled *In re Independence Fuel Systems, LLC*, Case No. 22-60301 ("Bankruptcy Case"). The district courts of the United States have original but not exclusive jurisdiction over the Action pursuant to 28 U.S.C.

§1334 (b) because each of IFS's claims and causes of action in the Action are core issues to Bankruptcy Case, where IFS is the bankruptcy debtor in possession.[1] Each of IFS's asserted claims and causes of action concern property (gas pipelines) that IFS asserts was properly property of IFS from inception (beginning in 2012 or 2013), or in other words, property of the debtor's estate during the Bankruptcy Case's pendency, and therefore, a core issue. To the extent the claims and causes of action are not considered core, but related to, non-core issues, then, Eastman Gas consents to entry of final orders of judgment by the bankruptcy judge.

3. Accordingly, the Action is one "arising under title 11, or arising in or related to" the Bankruptcy Case, and this court has original jurisdiction under 28 U. S. C. §1334 (b). The jurisdictional threshold of 28 U. S. C. §1334 (b) is met if the outcome of the Action could conceivably have any effect on the estate administered in the bankruptcy court. *See e.g., In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1991)("A key word in this test is 'conceivable' … Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact the 'debtor's rights liabilities, options, or freedom or action' or the 'handling and administration of the bankruptcy estate')  (citation omitted). Even though the Bankruptcy Court has confirmed IFS's plan of reorganization, the jurisdictional test is satisfied here, where IFS has asserted certain property of another belongs to its estate, even though it did not list such property in its schedules or plan of reorganization. Further, the enforcement of IFS's confirmed plan of reorganization is at issue because Eastman Gas does not own the claimed pipelines, Eastman Midstream LP does, and IFS released all claims against Eastman Midstream LP as part of its confirmed plan of reorganization. Accordingly, the Action pertains to the implementation and enforcement of IFS's confirmed plan of reorganization.

---

[1] Notice of a Related Case will be filed contemporaneously with this Notice of Removal concerning the Bankruptcy Case.

3.     Eastman Gas's Notice of Removal is filed within the time limits provided by 28 U.S.C. §1446(b), as 30 days have not elapsed since Eastman Gas was served with the Action on February 2, 2023. By separate motion if necessary, Eastman Gas will seek for this matter to be transferred to the Bankruptcy Case in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division.

4.     Presently, there are no parties to this case other than IFS and Eastman Gas. However, the proper defendant who owns the pipelines is Eastman Midstream LP.

5.     Pursuant to Local Rule 81.1, the following documents are filed herewith or attached hereto:

- Completed Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Notice of Related Case
- Attached as Exhibits to this Notice of Removal
    - **Exhibit 1**: Index of all Documents filed in the Action
    - **Exhibit 2**: Copy of the Docket Sheet in the Action
    - **Exhibit 3**: Copy of each document listed on the Docket Sheet and filed in the Action

6.     Pursuant to 28 U.S.C. § 1446 (d), the undersigned counsel certifies that, promptly after filing this Notice of Removal, copies of the Notice and all exhibits will be served on opposing counsel and filed with the Clerk of the County Court at Law #3, Dallas County, Texas, as provided by law, to effect the removal of this Action.

WHEREFORE, PREMISES CONSIDERED, defendant Eastman Gas Company, LLC prays that the Court take notice that this action, previously pending in County Court at Law No. 3,

Dallas County, Texas, has been duly removed in its entirety to the U. S. District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**MEHAFFY WEBER, P.C.**

By */s/ Holly C. Hamm*
    Holly C. Hamm
    State Bar No. 24036713
    Blake Hamm
    State Bar No. 24069869
    Post Office Box 16
    Beaumont, Texas 77704
    Telephone: (409) 835-5011
    Telecopier: (409) 835-5177
**ATTORNEYS FOR EASTMAN GAS COMPANY LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been served by Email, ECF (if applicable) and Certified Mail RRR to the following on this the 14TH day of February 2023:

Valdez/Washington LLP
R. Jeronimo Valdez
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205

jvaldez@vwlegal.com

        */s/ Holly C. Hamm*
        Holly C. Hamm